**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 26-10878
Non-Argument Calendar
_____

JOSEPH MATTHEW QUEEN,
GABRIEL MAYER,
GRAND HOOK AGENCY, LLC,

*Plaintiffs-Appellants,*

*versus*

BERKLEY ASSURANCE COMPANY,

*Defendant-Appellee.*

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 4:25-cv-00002-WMR
_____

Before WILLIAM PRYOR, Chief Judge, and LUCK and LAGOA, Circuit
Judges.

PER CURIAM:

Joseph Queen, Gabriel Mayer, and Grand Hook Agency, LLC, appeal the dismissal of their complaint against Berkeley Assurance Company for failure to state a claim. We affirm.

## I.     BACKGROUND

Queen, Mayer, and Grand Hook filed a complaint for a declaratory judgment that Berkeley owed coverage under an insurance policy naming Queen, Mayer, and Grand Hook as insureds, for costs incurred by Queen and Mayer in defending against claims asserted by their former employer, Sherbrooke Corporate, Ltd. Sherbrooke alleged that Queen and Mayer engaged in "self-dealing as directors of Sherbrooke, the syphoning or withdrawal of corporate funds from Sherbrooke accounts for personal or individual benefit, and the improper utilization of Sherbrooke resources, including the theft of confidential and proprietary software technology to establish and operate a separate corporate entity to compete with Sherbrooke and its related entities."

Queen and Mayer sought coverage under a policy that covered "sums any insured becomes legally obligated to pay as 'damages' because of an act, error or omission arising from [Grand Hook's] 'professional services' rendered or that should have been rendered" and that defined professional services as "those services performed by the insured for others in the insured's capacity as a duly licensed agent, broker or insurance consultant, employee benefits counselor or notary public and as described in the Declarations." The policy further defined professional services as those of "a managing general agency and insurance agent/broker." Queen

and Mayer also asserted claims for breach of contract and bad faith for refusal to provide coverage under the policy.

The district court dismissed the complaint because the conduct leading to the creation of a competing business with an existing company was not an aspect of the "professional services" that an insurance agent provides under *Garland, Samuel & Loeb, P.C. v. Am. Safety. Cas. Ins. Co.*, 287 Ga. App. 254 (2007), even if the business was created to provide the professional services of an insurance agent. It stated that Queen and Mayer were not sued for rendering "professional services" on behalf of Grand Hook and concluded that their conduct could not plausibly be considered part and parcel of an insurance agent's "professional services" such that it was covered under the policy. Because the district court ruled that Queen and Mayer failed to state a claim for coverage under the policy, it ruled that their claims for breach of the policy and for bad faith also failed.

## II.    STANDARD OF REVIEW

We review a dismissal for failure to state a claim *de novo*, accept the facts alleged in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *Butler v. Sheriff of Palm Beach Cnty.*, 685 F.3d 1261, 1265 (11th Cir. 2012). To survive dismissal, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The construction of an insurance policy is a question of law that we likewise review *de novo*. *Travelers Prop.*

*Cas. Co. of Am. v. Talcon Grp. LLC*, 88 F.4th 1371, 1375 (11th Cir. 2023).

## III.    DISCUSSION

Queen and Mayer argue that the district court erred when it concluded that Berkley did not have a duty to defend because Sherbrooke's allegations were arguably covered under the policy. They argue that the district court considered only the formation of Grand Hook and not its operation, providing the "professional service" of an insurance brokerage, to deny them coverage they allege they were owed under the policy. But the district court acknowledged that Sherbrooke alleged that Queen and Mayer used Sherbrooke's resources "to establish and operate a separate corporate entity to compete with Sherbrooke." And, as Queen and Mayer concede, "competition" is not covered under the policy.

"In determining what types of actions by an insured constitute the providing of 'professional services,' courts look to the nature of the act the insured performed, rather than the title or status of the insured." *Garland*, 287 Ga. App. at 257. That the insured provides a professional service does not mean the insured is covered under a professional service policy. The conduct giving rise to the allegations of liability must *itself* "must be such as exacts the use or application of special learning or attainments of some kind." *Id.*

The district court did not err. Sherbrooke's allegations that Queen and Mayer breached their fiduciary duties as directors and officers as well as their contractual duties as employees did not arguably assert liability for any "professional services" Queen and

Mayer rendered on behalf of Grand Hook, so Berkley did not have a duty to defend them under the policy.

## IV.    CONCLUSION

We **AFFIRM** the judgment in favor of Berkley.